UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDA M. FISHER,

    Plaintiff,

v.                                                                                          CASE NO. 3:15-cv-1358-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff alleges she became disabled on May 4, 2011. (Tr. 129.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on March 5, 2014, at which Plaintiff was represented by a non-attorney representative. (Tr. 24-49.) The ALJ found Plaintiff not disabled from May 4, 2011 through March 19, 2014, the date of the decision.[2] (Tr. 11-19.)

In reaching the decision, the ALJ found that Plaintiff's osteoarthritis and degenerative disc disease ("DDD") were severe impairments. (Tr. 13.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 10, 12.)

[2] Plaintiff had to establish disability on or before December 30, 2016, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 11.)

full range of sedentary work. (Tr. 15.) Then, the ALJ found that Plaintiff was capable of performing her past relevant work as a claims clerk, which the Vocational Expert ("VE") testified was a sedentary, semi-skilled job both as actually performed by Plaintiff and as described in the Dictionary of Occupational Titles ("DOT"). (Tr. 19.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from May 4, 2011 through March 19, 2014. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues that "[t]he ALJ erred by not clearly outlining all the limitations in a hypothetical to the VE and/or specifically asking the VE if the plaintiff could return to her past relevant work within stated limitations." (Doc. 14 at 8; *see also id.* at 9.) Plaintiff states that her "conditions are likely to cause pain and may interfere with her ability to perform the functions of her job," and "the problems that are associated with these conditions and in particular the thumb issue may interfere with her ability to perform her past relevant work." (*Id.* at 8-9.) Defendant responds that Plaintiff has failed to meet her burden of proving that she could not perform her past relevant work as a claims clerk. The Court agrees with Defendant.

To the extent Plaintiff argues that the ALJ should have asked the VE whether Plaintiff could perform her past relevant work, the ALJ was not required to obtain VE testimony to determine whether a claimant could perform her past

relevant work.  *See Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 (11th Cir. July 11, 2011) (per curiam) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990)).  An ALJ may rely on information contained in the DOT to determine whether a claimant can perform her past relevant work as it is generally performed in the national economy.  *Id.* at 822.

Here, substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work of a claims clerk, which is a sedentary, semi-skilled job, because the ALJ found that Plaintiff was capable of performing a full range of sedentary work.  To the extent Plaintiff suggests that her past work as a claims clerk, as actually performed, exceeded the demands of sedentary work, there is still no basis for reversing the ALJ's decision because the ALJ found Plaintiff "capable of performing this job, both as actually performed and as described in the DOT."  (Tr. 19.)  Even assuming that Plaintiff could not perform her job as actually performed, she has not shown that she could not perform it as generally performed in the national economy.  *See Hernandez*, 433 F. App'x at 822 ("The claimant bears the burden of showing that he cannot perform his past work as he actually performed it and as it is generally performed in the national economy.  We have construed those regulations to require that a claimant prove that he is not able to perform his past kind of work, not that he merely be unable to perform a specific job he held in the past.") (internal citations omitted).  Finally, to the extent Plaintiff suggests that the RFC assessment did not include all

limitations from her conditions, Plaintiff has failed to elaborate exactly what additional limitations would prevent her from performing her past relevant work.[3]

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on January 27, 2017.

*/s/ Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[3] As the Commissioner points out, even with a limitation to perform fine manipulation only frequently, Plaintiff could still perform her past relevant work as a claims clerk because she has not shown that this job requires more than frequent performance of fine manipulation.